IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| XPERTUNIVERSE, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Cisco Systems, Inc. ("Cisco"), for its complaint against Defendant XpertUniverse, Inc. ("XU"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, this is an action for declaratory judgment of non-infringement of United States Patent No. 7,499,903 ("the '903 patent," attached hereto as Exhibit A) and for such other relief as the Court deems just and proper.

## PARTIES

2.      Plaintiff Cisco is a California corporation with its principal place of business located at 170 West Tasman Drive, San Jose, California 95134.

3.      Defendant XU is a Delaware corporation with its principal place of business at 366 Broadway, Suite 410, Jericho, New York 11753.  XU may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6.      This Court has personal jurisdiction over XU by virtue of its sufficient minimum contacts with this forum such that the exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.  For example, XU is a Delaware corporation and has a designated agent for service of process in Delaware, and has previously asserted the '903 patent against Cisco in this district.

7.      Venue is proper in this district pursuant to at least 28 U.S.C. § 1391 at least because XU is incorporated in the State of Delaware.

## EXISTENCE OF AN ACTUAL CONTROVERSY

8.      There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

9.      Among many other products, Cisco has developed, marketed, and sold Remote Expert, a platform and solution that enhances customer interactions with experts.

10.      On March 10, 2009, XU filed a complaint in this Court, asserting (among other claims) infringement of the '903 patent by, *inter alia*, Remote Expert.  *See generally XpertUniverse, Inc. v. Cisco Systems, Inc.*, C.A. No. 09-157-RGA ("First Case"), D.I. 1.

11.      In March 2013, during a jury trial in the first case, XU asserted, *inter alia*, that versions 1.5 and 1.8 of Remote Expert infringed the '903 patent.

12.     On March 22, 2013, a jury found for XU on the claims at issue in that trial, including infringement of '903 patent by versions 1.5 and 1.8 of Remote Expert.

13.     After trial, XU filed a motion in the First Case, seeking enhanced damages, an ongoing royalty, and a permanent injunction against Cisco.  Cisco filed a motion for judgment as a matter of law as to certain of the jury's findings.

14.     On November 20, 2013, the Honorable Richard G. Andrews granted Cisco's motion for judgment as a matter of law as to certain of the jury's findings, and denied XU's post-trial motion in the First Case.

15.     In denying XU's motion for enhanced damages, an ongoing royalty, and a permanent injunction, the Court concluded, *inter alia*, that version 1.9 of Remote Expert is colorably different than those accused of infringement in the First Case and that XU had not demonstrated that those subsequent versions infringe the '903 patent.  *See, e.g.*, First Case, D.I. 768 at 24 ("The multilingual feature relied upon to establish infringement of a specific limitation at trial is no longer present in Remote Expert; XU's expert admitted the new method for achieving multiple languages does not infringe that limitation."), D.I. 768 at 32 ("XU has failed to show that the new version of Remote Expert infringes.  There are therefore no future sales of any infringing product upon which to base an enhanced ongoing royalty.").  The Court, however, denied XU's motion without prejudice to file a new complaint directed at subsequent versions of Remote Expert.  *See id.*, D.I. 768 at 25.  XU did not file such an action at that time, however.

16.     Almost four years later, on July 7, 2017, XU filed a second complaint against Cisco, this time in the U.S. District Court for the Northern District of California, alleging infringement of the '903 patent by versions of Remote Expert that were at issue in XU's post-

trial motions in the First Case and subsequent versions.  *See generally XpertUniverse, Inc. v. Cisco Systems, Inc.*, No. 17-cv-3848 ("Second Case"), D.I. 1.

17.     In the Second Case, XU also alleges that "other products, platforms, offerings, and solutions that incorporate Cisco's Remote Expert products or similar technology (including, but not limited to, Cisco's Unified Communications and Unified Contact Center product suites), which locate experts and connect them in real-time with individuals seeking assistance" infringe the '903 patent.  *See, e.g.*, Second Case, D.I. 1, ¶ 77.

18.     XU's allegations of infringement have cast a cloud of uncertainty over certain products sold by Cisco, requiring the declaratory relief sought in this complaint.

19.     These activities by XU create an immediate, definite, concrete, and substantial dispute regarding the alleged infringement of the '903 patent.

## COUNT ONE
### Declaratory Judgment of Equitable Estoppel

20.     Paragraphs 1 through 19 are incorporated by reference as if fully stated herein.

21.     XU filed its complaint in the Second Case on July 7, 2017, accusing Cisco of directly infringing, literally and/or under the doctrine of equivalents, at least claim 12 of the '903 patent based on its making, using, selling, offering for sale, and/or causing others to make, use, sell, and/or offer for sale in the United States "Cisco's Remote Expert products, as well as other products, platforms, offerings, and solutions that incorporate Cisco's Remote Expert products or similar technology (including, but not limited to, Cisco's Unified Communications and Unified Contact Center product suites), which locate experts and connect them in real-time with individuals seeking assistance."  *See, e.g.*, Second Case, D.I. 1, ¶ 77.

22.     XU filed its complaint in the Second Case in July 2017 despite the Court in the First Case indicating in November 2013 (in denying XU's motion for enhanced damages, an

ongoing royalty, and a permanent injunction) that its decision was without prejudice to XU filing a new complaint.

23.     In the nearly four years between the Court's decision and XU's second complaint, XU never indicated to Cisco that it believed that any Cisco product or service infringes the '903 patent, nor did XU ever communicate to Cisco that it intended to assert the '903 patent against Cisco in a second complaint.

24.     By failing to bring its second complaint against Cisco for nearly four years, XU has committed misleading conduct which has led Cisco to reasonably infer that XU did not intend to further enforce the '903 patent.

25.     Cisco relied on XU's misleading conduct, at least by continuing to develop, make, use, market, offer for sale, and sell its products, including subsequent versions of Remote Expert.

26.     Cisco has suffered (and will continue to suffer) material prejudice if XU is permitted to pursue its infringement claims against Cisco despite the passage of nearly four years' time since the Court indicated (despite denying XU's motion for enhanced damages, an ongoing royalty, and a permanent injunction in the First Case) that its decision was without prejudice to XU filing a new complaint.

27.     Absent a declaration that XU is equitably estopped from asserting infringement of the '903 patent against Cisco, XU will continue to wrongfully assert the '903 patent against Cisco.

28.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Cisco and XU as to whether XU is equitably estopped from asserting infringement of the '903 patent against Cisco.   A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights regarding the '903 patent.

29.     Based on the foregoing, Cisco hereby requests a declaration from the Court that XU is equitably estopped from asserting infringement of the '903 patent against Cisco.

## COUNT TWO
### Declaratory Judgment of Non-Infringement of the '903 Patent

30.     Paragraphs 1 through 29 are incorporated by reference as if fully stated herein.

31.     XU claims to own all rights, title, and interest in the '903 patent.

32.     XU has accused Cisco of directly infringing, literally and/or under the doctrine of equivalents, at least claim 12 of the '903 patent based on its making, using, selling, offering for sale, and/or causing others to make, use, sell, and/or offer for sale in the United States "Cisco's Remote Expert products, as well as other products, platforms, offerings, and solutions that incorporate Cisco's Remote Expert products or similar technology (including, but not limited to, Cisco's Unified Communications and Unified Contact Center product suites), which locate experts and connect them in real-time with individuals seeking assistance." *See, e.g.*, Second Case, D.I. 1, ¶ 77.

33.     Despite XU's broad statement above, the only product for which XU makes an effort to plead a plausible claim of direct infringement is Remote Expert Release 11.0. *See, e.g.*, Second Case, D.I. 1, ¶¶ 78-87.

34.     XU claims that one or more versions of Remote Expert subsequent to those at issue in the First Case (namely, Remote Expert Release 11.0) include "the same, or substantially the same, features and functionality that were in the earlier versions of Remote Expert, including the versions that the jury in the First Case found to be infringing claim 12 of the '903 Patent . . . and, therefore, all of these subsequently-released versions of Remote Expert directly infringe at least claim 12 of the '903 patent." *See* Second Case, D.I. 1, ¶ 78.

35.     No claim of the '903 patent has been or is directly infringed by Cisco through Cisco's making, using, selling,  offering for sale, and/or causing others to make, use, sell, and/or offer for sale in the United States of Remote Expert Release 11.0.

36.     Cisco does not directly infringe through its making, using, selling, offering for sale, and/or causing others to make, use, sell, and/or offer for sale in the United States of Remote Expert Release 11.0 at least because, as the Court found in the First Case, "[t]he multilingual feature relied upon to establish infringement of a specific limitation at trial is no longer present in Remote Expert; XU's expert admitted the new method for achieving multiple languages does not infringe that limitation." *See* First Case, D.I. 768 at 24.

37.     XU has waived its claim that other features that were present in versions 1.5 and 1.8 of Remote Expert demonstrate alleged infringement by later versions of Remote Expert.  XU had the opportunity to base its infringement allegations on those features and cannot now re-litigate the issue of infringement by claiming that a different feature of Remote Expert infringes than the one that was fully litigated in the First Case.

38.     Absent a declaration that the claims of the '903 patent are not infringed, XU will continue to wrongfully assert the '903 patent against Cisco, thereby causing Cisco irreparable harm and injury.

39.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between Cisco and XU as to whether at least claim 12 of the '903 patent is infringed.  A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights regarding the '903 patent.

40.     Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '903 patent are not infringed by Cisco and its products.

## PRAYER FOR RELIEF

WHEREFORE, Cisco respectfully requests that this Court enter judgment in its favor and prays that the Court grant the following relief:

A.      A declaration that XU is equitably estopped from asserting infringement of the '903 patent against Cisco;

B.      A declaration that Cisco does not infringe any claim of the '903 patent;

C.      An order that XU and each of its officers, directors, employees, agents, attorneys, and all persons in active concert or participation with them, are restrained and enjoined from further instituting or further prosecuting any action against Cisco with respect to the '903 patent;

D.      A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

E.      An award to Cisco of its costs and attorneys' fees; and

F.      Such other and further relief at law or equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38 and Local Rule 38.1, Cisco respectfully demands a jury trial of all issues triable to a jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

OF COUNSEL:

John M. Desmarais
Tamir Packin
C. Austin Ginnings
Lindsey Miller
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

August 25, 2017

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff Cisco Systems, Inc.*